IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PFLIPSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:20-cv-1030 |
| CROSSWAY SA INCOME PARTNERS, L.P., d/b/a CROSSWAY (2-STORY), | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant CROSSWAY INCOME PARTNERS, L.P. d/b/a CROSSWAY (2-STORY), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7. Defendant CROSSWAY SA INCOME PARTNERS, L.P., d/b/a CROSSWAY (2-STORY)(hereinafter "CROSSWAY (2-STORY)") is a Texas for limited partnership that transacts business in the state of Texas and within this judicial district.

8. CROSSWAY (2-STORY) may be properly served with process via its registered agent for service, to wit: J.Bradley Greenblum, 3345 Bee Cave Road, Suite 208, Austin, Texas 78746.

## FACTUAL ALLEGATIONS

9. On or about August 27, 2020, Plaintiff was a customer at "Deco Café Filipianian" a business located at 6812 Bandera Road, San Antonio, Texas 78238, referenced herein as the "Deco Café."

10. CROSSWAY (2-STORY) is the owner or co-owner of the real property and improvements that the Deco Café is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives approximately 7 miles from the Deco Café and Property.

12. Plaintiff's access to the business(es) located at 6812 Bandera Road, San Antonio, Bexar County Property Identification number 355820 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Deco Café and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit the Deco Café and Property to purchase goods and/or services.

15. Plaintiff travelled to the Deco Café and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Deco Café and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Deco Café and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to

4

        make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

    18.    Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

    19.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

    20.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

    21.    The Deco Café is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. The Deco Café must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Deco Café and the Property in his capacity as a customer of the Deco Café and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Deco Café and Property that preclude and/or limit his access to the Deco Café and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Deco Café and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Deco Café and Property and

as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Deco Café and Property that preclude and/or limit his access to the Deco Café and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Deco Café and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Deco Café and Property, including those specifically set forth herein, and make the Deco Café and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Deco Café and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Deco Café and Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

(i) There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise at the entrance to Units 101, 107, 108, 109, 112, 113 and 119, thus rendering the interior of the Property inaccessible at these units of the Property. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(ii) The doorway of the accessible entrance to Units 101, 107, 108, 109, 112, 113 and 119 are not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(iii) Due to the accessible barriers present at the accessible entrances, the accessible entrances of the Property lack at least one accessible route provided from site arrival locations such as public sidewalks and parking lot to the accessible entrances in violation of section 206.2.1 of the 2010 ADAAG standards. This violation would make it so Plaintiff is unable to access certain stores while able-bodied individual are able to access those stores and units.

(iv) The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to find an accessible entrance.

(v) There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards. This violation would make it so Plaintiff is unable to access certain stores while able-bodied individual are able to access those stores and units.

(vi) Between Unit 107 and 108, the accessible route has clear widths below the minimum 36 (thirty-six) inch requirement as required by section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vii) Due to a lack of a clear 36 inch accessible route, there is not a continuous access route connecting the exterior areas of the Property, this is a violation of section 206.2.2 and 206.2.4 of the 2010 ADAAG Standards. This violation would make it so Plaintiff is unable to access certain stores while able-bodied individual are able to access those stores and units.

(viii) Near Unit 113, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix) Near Unit 113, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the

2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(x) Near Unit 102, the ground surfaces of the access aisle have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302. 303 and 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi) Due to the policy of placing a tent/tarp on top of the two accessible parking spaces located closest to suite 102, that blocks access to the two accessible parking spaces at the corner of the building, the Property lacks an accessible route from these accessible parking spaces to the accessible entrance of the Property in violation of section 208.3.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xii) Due to the policy of placing a tent/tarp on top of the two accessible parking spaces located closest to suite 102, these accessible parking spaces are not level and are in violation of section 502.4 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiii) The the total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. There are a total of 259 parking spaces on the Property requiring seven (7) accessible parking

spaces, but there are only five (5) accessible parking spaces on the Property. Due to the policy of having a tent located directly on the two accessible parking spaces closest to Suite 102 blocking these two accessible parking spaces, there are effectively only three accessible parking spaces on this Property. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xiv)   Closest to Unit 106, is an accessible ramp which has a vertical rise at the base of the ramp exceeding ¼ inch in height, which is a violation of section 405.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to use this accessible ramp.

(xv)   Closest to Unit 106, is an accessible ramp which lacks edge protection in violation of section 405.9 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to use this accessible ramp.

(xvi)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

32.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Deco Café and Property.

33.   Plaintiff requires an inspection of Deco Café and Property in order to determine all of the discriminatory conditions present at the Deco Café and Property in violation of the ADA.

34.   The removal of the physical barriers, dangerous conditions and ADA

violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Deco Café and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Deco Café and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Deco Café and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Deco Café and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Deco Café and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting

detriment to Defendant.

43.Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Deco Café and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)That the Court find Deco Café in violation of the ADA and ADAAG;

(b)That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Deco Café to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: September 1, 2020.

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*

                                       Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com